United States District Court
Southern District of Texas
**ENTERED**
January 09, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NUMBER H-18-485-01 |
| JOSE GOMEZ-LOPEZ, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jose Gomez-Lopez has filed a Motion to Dismiss the Indictment ("Defendant's Motion") (Docket Entry No. 14), to which the United States has filed its Opposition to Defendant Jose Gomez-Lopez's Motion to Dismiss the Indictment (Docket Entry No. 17); and defendant has filed a Reply to the United States' Opposition to Motion to Dismiss the Indictment (Docket Entry No. 20) and a Reply to the United States' Supplemental Exhibits (Docket Entry No. 25).

On August 22, 2008, defendant was served with a Notice to Appear ("NTA") before an immigration judge for a removal hearing. The NTA stated that the hearing would be held on "a date to be set at a time to be set."[1] On August 26, 2008, defendant signed a Request for Prompt Hearing, stating:

---

[1] NTA, Exhibit 2 to Defendant's Motion, Docket Entry No. 14-3, p. 2.

> To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.[2]

Also on August 26, 2008, the defendant executed in English and Spanish a Stipulated Request for Order of Removal and Waiver of Hearing in which he stated, <u>inter alia</u>:

> I, <u>Jose GOMEZ-LOPEZ</u> ("Respondent"), voluntarily and knowingly make the following requests, statements, admissions and stipulations. I understand that by signing this document, I am requesting a prompt order or removal from the United States.
>
> 1. I have received a copy of the Notice to Appear ("NTA") dated <u>08/22/08</u> and my full, true and correct name is as indicated therein. *See* attached NTA.
>
> 2. I have been advised of my right to be represented by a lawyer or other qualified person to represent aliens in immigration proceedings at no expense to the government of the United States. I have also been provided a copy of the legal aid list.
>
> 3. I am at least 18 years of age.
>
> 4. I hereby voluntarily concede and acknowledge that I am not a citizen of the United States. I further voluntarily concede and acknowledge that my parents are not citizens of the United States and, therefore, I do not derive any citizenship benefits from my parents.
>
> 5. I understand that I have the right to a hearing before an Immigration Judge in which hearing I have the right to be represented, the opportunity to examine and object to the evidence presented against me, to present witnesses on my own behalf, to cross-examine witnesses presented by the government, to present my own evidence and that the government may be required to prove that I am removable from the United States. Knowing the above, I hereby waive those rights and request my removal proceedings be conducted solely by way of written record without a hearing.

---

[2] <u>Id.</u> at 2.

6. I request that my removal from the United States be based solely on this stipulated request. By signing this document, I understand that I am giving up the right to appear before an Immigration Judge and that I will be removed from the United States without a hearing.

7. I admit that all of the factual allegations contained in the NTA are true and correct as written, and I concede that I should be removed from the United States based on the charges contained therein.

8. I voluntarily and knowingly agree, stipulate and represent that I am not applying for any form of relief from removal, including but not limited to: voluntary departure, asylum, withholding of removal, protection under the Convention Against Torture, adjustment of status, registry, de novo review of a denial or revocation of temporary protected status, cancellation of removal under Section 240(A) of the Immigration and Nationality Act ("Act"), or any other possible relief under the Act.

9. I consent to the introduction of this document as an exhibit to the record of proceedings.

10. I request that an order be issued for my removal to: <u>MEXICO</u>.

11. I accept a written order for my removal to the above county [sic] as a final disposition of these removal proceedings.

12. I waive my right to appeal the written decision for my removal from the United States.

13. I, or my attorney, have read (or I have had read to me in a language I understand) this entire document. I fully understand its consequences. I can unequivocally state that I have submitted this document voluntarily, knowingly, and intelligently.

14. I understand that based on the removal charge(s), I will be barred for <u>Lifetime</u> from returning to the United States.

> I certify that all of the information I have given in
> this document is true and correct.[3]

On August 27, 2008, the immigration judge ordered that the defendant be removed from the United States, and he was removed on August 28, 2008.[4] On at least five subsequent occasions defendant reentered the United States. On each occasion he was arrested and removed after the 2008 removal order was reinstated.

Defendant was indicted in this action for illegal reentry after being convicted of a felony in violation of 8 U.S.C. §§ 1326(a) and (b)(1) (Docket Entry No. 1). In his Motion the defendant argues that as a result of the United States Supreme Court's recent decision in <u>Pereira v. Sessions</u>, 138 S. Ct. 2105, 2110-14 (2018), the immigration judge lacked subject matter jurisdiction, rendering the 2008 removal order and all subsequent removals based on that order void. Defendant also argues that the underlying removal order "did not comport with due process and 8 U.S.C. § 1326(d)" (Defendant's Motion, Docket Entry No. 14, page 2).

There is no authority by the United States Court of Appeals that directly addresses the effect of <u>Pereira</u> on indictments under 8 U.S.C. § 1326. District courts have reached differing conclusions. Having carefully considered these opinions the court concludes that the December 14, 2018, Memorandum and Order entered

---

[3]Exhibit 2 to Decision of the Immigration Judge, Docket Entry No. 24-2.

[4]Decision of the Immigration Judge, Exhibit 1 to Defendant's Motion, Docket Entry No. 14-2, p. 2.

by Judge Diana Saldaña in <u>United States of America v. Guillermo Malagamba-De Leon</u>, Criminal Action No. 5:18-00691, correctly analyzes and resolves these issues raised by Defendant's Motion. As Judge Saldaña explained,

> . . . even assuming without deciding that Defendant's jurisdictional arguments are correct, he is still not entitled to the relief he seeks. A jurisdictionally defective removal order may still serve as the basis for a Section 1326 prosecution, and a Section 1326 defendant who seeks to challenge his underlying removal order on jurisdictional grounds must still satisfy all three requirements of Section 1326(d).

Memorandum and Order in 5:18-00691, Docket Entry No. 27, p. 17.

8 U.S.C. § 2326(d) provides:

(d)  Limitation on collateral attack on underlying deportation order

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

If a defendant fails to satisfy any of these elements, the court need not consider the other elements. See <u>United States v. Mendoza-Mata</u>, 322 F.3d 829, 832 (5th Cir. 2003).

A removal order of an immigration judge may be appealed to the Board of Immigration Appeals ("BIA"). See 8 C.F.R. § 1003.3. Defendant has not exhausted his administrative remedies by seeking

-5-

relief from the BIA; in fact, he expressly "waive[d] [his] right to appeal the written decision for [his] removal from the United States."[5] Defendant argues that he is not required to exhaust his administrative remedies because the immigration proceeding was void under Pereira. But a court's exercise of apparent jurisdiction, even if erroneous, is not subject to collateral attack if the party seeking to challenge the order had the prior opportunity to challenge jurisdiction and failed to do so.[6] See, e.g., Royal Insurance Company of America v. Quinn-L Capital Corporation, 960 F. 2d 1286, 1293 (5th Cir. 1992); United States v. Hansard, 2007 WL 2141950, *1 (5th Cir. 2007). Therefore, even assuming arguendo that the immigration judge lacked jurisdiction, defendant was required to exhaust his administrative remedies in order to challenge the underlying removal order. It is undisputed that he failed to do so.

Defendant has also failed to show that the 2008 removal proceeding improperly deprived him of the opportunity for judicial review. Defendant conceded that he had no right to be present in the United States and requested that he be removed to Mexico. Defendant's decision to waive his right to appeal the removal order

---

[5]Stipulated Request for Order of Removal and Waiver of Hearing, Exhibit 2A to Decision of the Immigration Judge, Docket Entry No. 24-2, ¶ 12.

[6]Even assuming that the failure to include the date and time of the removal proceeding in the NTA deprived the immigration judge of subject matter jurisdiction, the immigration judge in this case would have reasonably believed that jurisdiction existed.

precludes him from satisfying the second requirement for a collateral challenge under § 1326(d).

Nor has defendant demonstrated that entry of the removal order was prejudicial or otherwise unfair. Entry of a removal order may be fundamentally unfair or prejudicial to the defendant if there is a "reasonable likelihood that but for the errors complained of the defendant would not have been" removed. See Mendoza-Mata, 322 F.3d at 832 (citation omitted). Defendant admitted that he was not lawfully present in the United States, asked to be removed to Mexico, and requested an expedited hearing. There is nothing in the record to indicate that if the NTA had included the date and time for the removal proceeding, the proceeding would not have resulted in defendant's removal.

Because defendant has failed to establish any of the three § 1326(d) requirements to challenge collaterally his prior removal order, the Motion to Dismiss the Indictment (Docket Entry No. 14) is **DENIED**.

This case is set for a jury trial on February 4, 2019, at 1:00 p.m. By January 29, 2019, counsel will file exhibit lists, witness lists, and a proposed jury charge.

**SIGNED** at Houston, Texas, on this 9th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE